SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CHRISTOPHER GLASS,



Plaintiff,

-against-

**COMPLAINT**

COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, DETECTIVE ROBERT G. FIERO,
Shield # 924 and DETECTIVE JOHN DOE #1 (name and
number of whom are unknown at present), and other
unidentified members of the Nassau County Police
Department,

**JURY TRIAL DEMANDED**

**ECF CASE**

Defendants.

**BIANCO, J.**

------------------------------------------------------------------------ X


## PRELIMINARY STATEMENT

1. This is a civil rights action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff, while lawfully in the vicinity of his home located at 17 Covert Street, Hempstead, New York, was subject to an unconstitutional stop and was unlawfully searched and arrested by Nassau County Detectives. Plaintiff was deprived of his constitutional and common law rights when the individual defendants unlawfully confined plaintiff, and caused the unjustifiable search and arrest of plaintiff. Further, defendants maliciously prosecuted plaintiff in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION

2.   This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1342 (3) and (4) and the aforementioned statutory and constitutional provisions.

3.   The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gave rise to the federally based claims and causes of action.

## VENUE

4.   Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) & § 1402 (b) because the claims arose in this district.

## PARTIES

5.   Plaintiff Christopher Glass is a citizen of the United States and a resident of the County of Nassau, City and State of New York.

6.   The defendant County of Nassau (hereinafter "County") is a duly constituted municipal corporation of the State of New York and is and was the named employer of the named police personnel.

7.   The defendant Nassau County Police Department (hereinafter "Police Department") was and is an agency of the County.

- 2 -

8.   Nassau County Police Department Detective Robert G. Fiero, Shield # 924 and Detective John Doe # 1, (hereinafter "Defendant Officers"), all of whose names are known to the County and Police Department, were police officers in the County and Police Department acting in their official an individual capacities and were employed by the County acting under the direction of defendants County and Police Department and Defendant Officers are and were at all times relevant herein officers, employees, and agents of the County and Police Department.

9.   Defendant Officers are being sued in their individual and official capacities.

10. At all times relevant herein, the individual Defendant Officers were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the County and/or Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for and on behalf of the Nassau County Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the Nassau County Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the Nassau County Police Department.

11. Defendant County of Nassau is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant County of Nassau assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the Nassau County Police Department.

## STATEMENT OF FACTS

12. On March 17, 2011, at approximately 10:00 p.m., plaintiff Christopher Glass, was lawfully present inside of his home located at 17 Covert Street in the town of Hempstead and State of New York.

13. As plaintiff Christopher Glass was about to lawfully exit his home, he observed Defendant Officers outside of his home in his backyard.

14. Plaintiff exited his home through the rear door of his house, which led to his backyard.

15. Defendant Officers shined their flashlights in plaintiff's eyes as he exited his home.

16. Defendant Officers asked plaintiff where "JJ" was and plaintiff advised the officers that he had not seen "JJ."

17. Defendant Officers ordered plaintiff to walk to the front of his home with them and plaintiff complied with the Defendant Officers' order.

18. The Defendant Officers asked plaintiff if they could search plaintiff's home.

19. Plaintiff advised the Defendant Officers that they could search his home if they had a warrant to search his home.

20. Defendant Officers did not have a warrant to search plaintiff's home.

21. Defendant Officers advised plaintiff that if he did not give them his permission to search his home then they would arrest him.

22. Despite the threats by the Defendant Officers, plaintiff did not consent to have his home searched.

23. Defendant Officers then proceeded to arrest plaintiff without probable cause.

- 4 -

24. Plaintiff did not commit any crime.

25. Nevertheless, Defendant Officers handcuffed plaintiff and frisked plaintiff without reasonable suspicion or probable cause.

26. Defendant Officers arrested plaintiff despite knowing that plaintiff did not commit a crime or violate the law in any way.

27. The Defendant Officer that did not physically touch plaintiff, observed the violation of plaintiff's rights under the Constitution of the United States and New York State Law and did nothing to prevent the unjustifiable arrest of plaintiff.

28. Plaintiff was placed in a police vehicle by Defendant Officers and transported to a police precinct.

29. Plaintiff remained at the police precinct for approximately four hours until he was transported to Central Booking in the town of Mineola in the state of New York.

30. The Defendant Officers falsely communicated to the Nassau County District Attorney's Office that plaintiff Obstructed Governmental Administration in violation of New York State Penal Law Section 195.05.

31. Plaintiff was arraigned at approximately 3:00 p.m on March 18, 2011.

32. At arraignment bail was set in the amount of $2,000.

33. Plaintiff was unable to post bail and was remanded to Nassau County Jail.

34. Plaintiff was transported to Nassau County Jail where he was strip searched.

35. Plaintiff remained in the Nassau County jail for approximately two months.

36. All charges against plaintiff were dismissed on May 3, 2011.

37. On May 3, 2011, plaintiff was finally released from government custody.

38. The false arrest, false imprisonment, and malicious prosecution of plaintiff by Defendant Officers caused plaintiff to sustain psychological and emotional trauma.

39. There is a policy, practice or custom within the Nassau County Police Department, wherein Nassau County Police Officers arrest African American individuals when they refuse to cooperate with a police investigation and permit officers to search their home without a search warrant.

40. As a result of defendant County of Nassau's deliberate indifference about the fact that Nassau County Police Officers routinely arrest individuals when the police officers know that the individuals never committed a crime, there is a pattern, policy, custom or practice of Nassau County Police Officers arresting individuals without probable cause.

## FIRST CAUSE OF ACTION

## Violation of Plaintiff's Fourth Amendment and Fourteenth

## Amendment Rights

41. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 40 with the same force and effect as if more fully set forth at length herein.

42. Defendant Officers who were acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause in violation of plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

### False Arrest

43. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 42 with the same force and effect as if more fully set forth at length herein.

44. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York and under the Fourth Amendment to the United States Constitution. Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

45. Defendant Officers were at all times agents, servants, and employees acting within the scope of their employment by the County of Nassau and the Nassau County Police Department, which are therefore responsible for their conduct.

## THIRD CAUSE OF ACTION

### Malicious Prosecution

46. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 45 with the same force and effect as if more fully set forth at length herein.

47. The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth Amendment to the United States Constitution.

48. Defendants commenced and continued a criminal proceeding against plaintiff.

- 7 -

49. There was actual malice and an absence of probable cause for the criminal proceeding against plaintiff and for each of the charges for which he was prosecuted.

50. The prosecution and criminal proceedings terminated favorably to plaintiff on May 3, 2011.

51. Plaintiff was subjected to a post-arraignment deprivation of liberty sufficient to implicate plaintiff's Fourth Amendment rights.

52. Defendant Officers were at all times agents, servants, and employees acting within the scope of their employment by the County of Nassau and the Nassau County Police Department, which are therefore responsible for their conduct.

## FOURTH CAUSE OF ACTION

### Failure to Intervene

53. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 52 with the same force and effect as if more fully set forth at length herein.

54. Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

55. Defendants failed to intervene to prevent the unlawful conduct described herein.

56. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subject to other physical constraints.

57. Defendant Officers were at all times agents, servants, and employees acting within the scope of their employment by the County of Nassau and the Nassau County Police Department, which are therefore responsible for their conduct.

## FIFTH CAUSE OF ACTION

## Municipal Liability under 42 U.S.C. § 1983

58. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 57 with the same force and effect as if more fully set forth at length herein.

59. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of defendant County of Nassau, which is forbidden by the Constitution of the United States.

60. The aforementioned customs, policies, usages, practices, procedures and rules of defendant County of Nassau and the Nassau County Police Department included, but were not limited to arresting African American individuals when they refuse to cooperate with a police investigation and permit officers to search their home without a search warrant, as well as inadequate screening, hiring, retaining, training, and supervising its employees with respect to this issue.

61. The aforementioned customs, policies, usages, practices, procedures and rules of defendant County of Nassau and the Nassau County Police Department were the moving force behind the violation of plaintiff's rights as described herein. As a result of the failure of defendant County of Nassau and the Nassau County Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant

County of Nassau has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

62. The foregoing customs, policies, usages, practices, procedures and rules of defendant County of Nassau and the Nassau County Police Department were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

63. The foregoing customs, policies, usages, practices, procedures and rules of defendant County of Nassau and the Nassau County Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

64. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the County of Nassau and the Nassau County Police Department, plaintiff was unlawfully arrested.

65. Defendants collectively and individually, while acting under color of state law were directly and actively involved in violating plaintiff's constitutional rights.

## JURY DEMAND

66. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiff Christopher Glass shall recover compensatory damages in the sum of $2,000,000 against the individual defendants and the County of Nassau, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendants, jointly and severally.

a.      That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

b.      That the plaintiff have such other and further relief as the Court shall deem just and proper.

Dated:      New York, New York
            September 20, 2011

By:      _____
         STUART E. JACOBS
         DAVID M. HAZAN
         JACOBS & HAZAN, LLP
         Attorneys for Plaintiff
         22 Cortlandt Street, 16th Floor
         New York, NY 10007
         (212) 419-0363